APPLICANT IS AUTHORIZED TO SERVE JUDICIAL PROCESS UNDER THE UNITED STATES FEDERAL RULES OF CIVIL PROCEDURE AND UNDER THE RULES OF CIVIL PROCEDURE OF THE STATE OF: Illinois

# REQUEST

## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

Convention on the Service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matierè civile*
*ou commerciale, signée à La Haye, le 15 Novembrè 1965.*

| Identity and address of the applicant<br>*Identité et adresse du requérant* | Address of receiving authority<br>*Adresse de l'autorité destinataire* |
|---|---|
| Diane K. Myers<br>APS INTERNATIONAL, LTD<br>APS International Plaza<br>7800 Glenroy Road<br>Minneapolis, Minnesota 55439-3122<br>U.S.A.<br>Tel. 952.831.7776    Fax: 952.831.8150<br>Email: DMyers@CivilActionGroup.com | MINISTRY OF THE ATTORNEY GENERAL<br>Ontario Court of Justice<br>Courthouse, 393 Main Street<br>Haileybury, Ontario<br><br>P0J 1K0<br>Canada |

The undersigned applicant has the honour to transmit -- in duplicate -- the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
    (identity and address)
*Le requérant soussigné a l'honneur de faire parvenir -- en double exemplaire -- a l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*

    *(identité et adresse)*    __BTC Express, Inc.__
    __15 Papple Road, Brantford, Ontario, Canada, N3T5L4__
            Tel: _____

[X] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*
    a) *selon les formes légales (article 5, alinéa premier, lettre a).*

[ ] (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*:
    b) *selon la forme particulière suivante (article 5, alinéa premier, lettre b):* _____

[ ] (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*.
    c) *le cas échéant, par remise simple (article 5, alinéa 2).*

The authority is requested to return or to have returned to the applicant a copy of the documents -- and of the annexes* -- with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte -- et de ses annexes -- avec l'attestation figurant au verso.*

**List of documents**
*Enumération des pièces*

Summary of the Document to Be Served
Alias Summons
Complaint at Law

Done at _____ , the 7-31-17
*Fait à* Minneapolis, Minnesota, U.S.A.  *le*

Signature and/or stamp.
*Signature et/ou cachet.*

[signature: Diane K. Myers]

(Formerly OBD-116 which was formerly LAA-116,    USM-94
both of which may still be used)    (Est. 11/22/77)

* Delete if inappropriate.
. *Rayer les mentions inutiles*



278767 - 2

Case Name: Cascone v. Khan
Defendant: BTC Express, Inc.
Court Case No.: 2017 L 2015

# CERTIFICATE
## ATTESTATION

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served*
1. *que la demande a été exécutée*
   - the (date)
   - *le (date)* _____
   - at (place, street, number)
   - *à (localité, rue numéro)* _____

   - in one of the following methods authorised by article 5-
   - *dans une des formes suivantes prévues à l'article 5:*
     [ ] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
         a) *selon les formes légales (article 5, alinéa premier, lettre a).*
     [ ] (b) in accordance with the following particular method*:
         b) *selon la forme particulière suivante:* _____
     [ ] (c) by delivery to the addressee, who accepted it voluntarily.*
         c) *par remise simple*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*
   - (identity and description of person)
   - *(identité et qualité de la personne)* _____

   - relationship to the addressee (family, business or other):
   - *liens de parenté, de subordination o autres, avec le destinataire de l'acte:* _____

2) that the document has not been served, by reason of the following facts*:
2. *que la demande n'a pas été exécutée, en raison des faits suivants:*
_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*.

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

LIST OF DOCUMENTS: Summary of the Document to Be Served, Alias Summons, Complaint at Law

**Annexes**
*Annexes*
**Documents returned:**
*Pièces renvoyées:*
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

Done at _____ , the
*Fait à* _____ , *le* _____

Signature and/or stamp.
*Signature et/ou cachet.*

* Delete if inappropriate.
  *Rayer les mentions inutiles.*

2

278767 - 2

**SUMMARY OF THE DOCUMENT TO BE SERVED**
*ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaries et extrajudiciares en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa 4)*

**Name and address of the requesting authority:**
*Nom et adresse de l'autorité requérante:*  Diane K. Myers
APS INTERNATIONAL, LTD
APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota 55439-3122, U.S.A.

**Particulars of the parties*:**
*Identité des parties*  Cascone v. Khan

LIST OF DOCUMENTS: Summary of the Document to Be Served, Alias Summons, Complaint at Law

**JUDICIAL DOCUMENT****
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*   The purpose of this document is to inform  BTC Express, Inc. that a lawsuit has been started against them and that they have been joined as a defendant.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige:*  Plaintiff's claim against the defendant is for damages and other relief in an amount to be determined as a result of the defendant's liability for employee and/or agent acting within the course and scope of his employment (respondeat superior). See attached documents for additional information.

**Date and place for entering appearance**:**
*Date et lieu de la comparution:*  Defendant is required to file an answer in this case, or otherwise file an appearance, in the office of the Clerk of Circuit Court of the Thirteenth Judicial Circuit, Bureau County, Illinois USA within 30 days after service of the attached documents, not counting the day of service.

**Court which has given judgment**:**
*Juridiction qui a rendu la décision:*    N/A

**Date of judgment**:**
*Date de la décision:*    N/A

**Time limits stated in the document**:**
*Indication des délias figurant dans l'acte:*    Defendant has 30 days after service of the attached documents, not counting the day of service, in which to file an answer in this case, or otherwise file an appearance, in the office of the clerk of court.
Failure to do so may result in the plaintiff(s) taking a default judgment against the defendant for the relief demanded in the complaint.

**EXTRAJUDICIAL DOCUMENT****
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*    N/A

**Time limits stated in the document**:**
*Indication des délias figurant dans l'acte*   N/A

---

\* If appropriate, identity and address of the person interested in the transmission of the document.
   *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\* Delete if inappropriate.
   *Rayer les mentions inutiles.*

3

278767 - 2

# CIRCUIT COURT OF THE Thirteenth JUDICIAL CIRCUIT
## Bureau COUNTY, ILLINOIS

KEVIN CASCONE, as SPECIAL ADMINISTRATOR
OF THE ESTATE OF CECILIA CASCONE,
deceased,

        Plaintiff

v.

TARIQ KHAN, and BTC EXPRESS, INC.,

        Defendants

No. 2017 L 2015

## ALIAS SUMMONS

**To each defendant:** BTC EXPRESS, INC., 15 Papple Road, Brantford, Ontario N3T 5L4 Canada

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 180 days after its date.

WITNESS, July 14, 2017

Plaintiff's Attorney (or plaintiff if he is not represented by attorney)

_(signature)_ (Clerk of Court)

(Seal of Court)

Address _____    Location of Clerk's Office

City _____

Telephone _____    Date of Service: _____, 20____
(To be inserted by officer on copy left with defendant or other person)

**SUMMONS – GENERAL** 3/00

## SHERIFF'S FEES

Service and return.........................$_____

Miles............................................$_____

Total.............................................$_____

Sheriff of_____County

I certify that I served this summons on defendants as follows:
(Check appropriate box, and complete information below)

☐ (a) – (Individual defendants-personal):
By leaving a copy and a copy of the complaint with each individual defendant personally.

☐ (b) – (Individual defendants – abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents and also by sending a copy of the summons is a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode.

☐ (c) – (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant Corporation.

☐ (d) – (Other service):

Name of Defendant_____          Name of Defendant_____

Name of Person                                                        Name of Person
Summons given to_____          Summons given to_____

Sex_____ Race_____ Approx. Age_____    Sex_____ Race_____ Approx. Age_____

Place of Service_____              Place of Service_____


Date of Service_____ Time_____          Date of Service_____ Time_____

Date of Mailing_____              Date of Mailing_____


Sheriff of_____County

By_____Deputy

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
BUREAU COUNTY, ILLINOIS

THIS COPY RECEIVED AND FILED
MAY 1 9 2017
Dawn M. Reglin
CLERK OF THE CIRCUIT COURT
BUREAU COUNTY, ILLINOIS

KEVIN CASCONE, as SPECIAL )
ADMINISTRATOR OF THE ESTATE OF )
CECILIA CASCONE, deceased, )
　)
　　Plaintiff, )
　)
v. ) FILE NO.: 17-L-15
　)
TARIQ KHAN, and BTC EXPRESS, INC., ) JURY DEMANDED
　)
　　Defendants. )
　)

## COMPLAINT AT LAW

NOW COMES Plaintiff, KEVIN CASCONE, as SPECIAL ADMINISTRATOR OF THE ESTATE OF CECILIA CASCONE, deceased, by and through his attorneys, MEYERS & FLOWERS, LLC, and complaining of Defendants, TARIQ KHAN and BTC EXPRESS, INC., alleges as follows:

### COMMON ALLEGATIONS

1. Plaintiff, KEVIN CASCONE, Special Administrator of the Estate of CECILIA CASCONE, deceased, is a citizen and resident of the State of Illinois.

2. At all relevant times, including on May 3, 2017 at approximately 9:16 a.m., the Defendant, TARIQ KHAN, was a citizen and resident of Canada.

3. At all relevant times, including on May 3, 2017 at approximately 9:16 a.m., the Defendant, BTC EXPRESS, INC., was a Canadian food truckload shipping company with its principal place of business in Ontario, Canada.

4. On or about May 3, 2017 at approximately 9:16 a.m., CECILIA CASCONE was operating a gold SUV traveling eastbound on Interstate 80 between Princeton and Spring Valley

1

at or near mile marker 65 in Bureau County, Illinois.

5. On or about May 3, 2017 at approximately 9:16 a.m., the Defendant, TARIQ KHAN, was operating a 2012 Volvo semi-truck and trailer westbound on Interstate 80 between Princeton and Spring Valley at or near mile marker 65 in Bureau County, Illinois.

6. On or about May 3, 2017 at approximately 9:16 a.m., the 2012 Volvo semi-truck and trailer operated by the Defendant, TARIQ KHAN, was owned by Defendant, BTC EXPRESS, INC., and contained the BTC EXPRESS, INC. name and/or logo.

7. Upon information and belief, at all relevant times, including on May 3, 2017 at approximately 9:16 a.m., Defendant, TARIQ KHAN, was an employee and/or agent of Defendant, BTC EXPRESS, INC.

8. Upon information and belief, at all relevant times, including on May 3, 2017 at approximately 9:16 a.m., Defendant, TARIQ KHAN, was operating the 2012 Volvo semi-truck and trailer within the course and scope of his employment with Defendant, BTC EXPRESS, INC.

9. On or about May 3, 2017, at approximately 9:16 a.m., CECILIA CASCONE was operating her vehicle in a prudent and careful manner.

10. On or about May 3, 2017, at approximately 9:16 a.m., the Volvo semi-truck and trailer operated by Defendant, TARIQ KHAN, failed to remain within the westbound lanes of Interstate 80 and instead crossed the median and entered the eastbound lanes of Interstate 80, thereafter colliding with the SUV being operated by CECILIA CASCONE.

## COUNT I
## WRONGFUL DEATH
### *KEVIN CASCONE v. TARIQ KHAN*

1-10. Plaintiff, KEVIN CASCONE, as Special Administrator of the Estate of CECILIA CASCONE, deceased, repeats and re-alleges paragraphs 1 through 10 of the Common Allegations as and for paragraphs 1 through 10 of this Count I as though fully set forth herein.

11. At all relevant times, including on May 3, 2017 at approximately 9:16 a.m., it was then and there the duty of Defendant, TARIQ KHAN, to exercise ordinary care in the operation of his semi-truck and trailer so as not to cause injury or death to other individuals lawfully on the roadway, including CECILIA CASCONE.

12. Notwithstanding Defendant, TARIQ KHAN's, duty of reasonable care, Defendant Khan was guilty of one or more of the following negligent acts and/or omissions:

   a. Failed to obey the traffic laws of the State of Illinois in violation of 625 ILCS 5/11-202;

   b. Failed to use due care when operating said semi-truck and trailer so as to avoid colliding with other vehicles legally on the roadway, including the vehicle operated by CECILIA CASCONE;

   c. Failed to decrease the speed of said semi-truck and trailer as necessary to avoid colliding with any person or vehicle on the highway in violation of 625 ILCS 5/11-601(a);

   d. Failed to operate said semi-truck and trailer at a speed that was reasonable given the conditions of the roadway and traffic volume, thereby endangering the safety of other motorists lawfully operating on the roadway in violation of 625 ILCS 5/11-601(a);

   e. Failed to keep a safe and proper lookout for traffic on eastbound I-80, including the vehicle operated by CECILIA CASCONE;

   f. Failed to keep said semi-truck and trailer under reasonable control thereby causing it to enter the eastbound lanes of traffic on I-80 and to strike the vehicle being operated by CECILIA CASCONE;

   g. Failed to operate said semi-truck and trailer in the proper lane of traffic on I-80;

3

and

    h. Was otherwise careless and negligent in the operation of said semi-tractor and trailer.

13. That the aforesaid negligent acts and/or omissions of Defendant, TARIQ KHAN, were a proximate cause of said collision and the death of CECILIA CASCONE.

14. On May 3, 2017, and for some time prior thereto, there was in full force and effect in the State of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felony. (740 ILCS 180/1)
>
> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injures resulting from such death, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

15. CECILIA CASCONE is survived by her natural son, KEVIN CASCONE, and her natural daughter, KIMBERLY JACOBS.

16. CECILIA CASCONE'S son, KEVIN CASCONE, has been duly appointed as Special Administrator of the Estate of CECILIA CASCONE, deceased.

17. KEVIN CASCONE and KIMBERLY JACOBS have suffered substantial pecuniary losses as a result of CECILIA CASCONE's death, including, but not limited to, loss of

society, companionship, guidance, attention, training, instruction, grief, sorrow, and all other damages allowed pursuant to the Illinois Wrongful Death Act (740 ILCS 180/1) as a result of the acts and/or omissions of the Defendant, TARIQ KHAN, that caused the death of CECILIA CASCONE.

WHEREFORE, Plaintiff, KEVIN CASCONE, as Special Administrator of the Estate of CECILIA CASCONE, deceased, respectfully demands that this Honorable Court enter judgment against Defendant, TARIQ KHAN, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit, and for such other and further relief this Court deems equitable and proper.

## COUNT II
## RESPONDEAT SUPERIOR
### *KEVIN CASCONE v. BTC EXPRESS, INC.*

1-17. Plaintiff, KEVIN CASCONE, as Special Administrator of the Estate of CECILIA CASCONE, deceased, herein repeats and re-alleges paragraphs 1 through 17 of Count I as and for paragraphs 1 through 17 of this Count II as though fully set forth herein.

WHEREFORE, Plaintiff, KEVIN CASCONE, as Special Administrator of the Estate of CECILIA CASCONE, deceased, respectfully demands that this Honorable Court enter judgment against Defendant, BTC EXPRESS, INC., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit, and for such other and further relief this Court deems equitable and proper.

## JURY DEMAND

Plaintiff, KEVIN CASCONE, as Special Administrator of the Estate of CECILIA CASCONE, deceased, hereby demands a trial by jury.

KEVIN CASCONE,

By: /s/ Michael W. Lenert
Michael W. Lenert, Esq.

Peter J. Flowers, Esq. (#6210847)
Craig D. Brown, Esq. (#6210554)
Michael W. Lenert, Esq. (#06297019)
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, Illinois 60174
(630) 232-6333
(630) 845-8982 (fax)
pjf@meyers-flowers.com
cdb@meyers-flowers.com
mwl@meyers-flowers.com